## BROTHERHOOD OF RD TRAINMEN et v AKRON, CANTON & YOUNGSTOWN RAILWAY CO et (2 cases)

Ohio Appeals, 9th Dist, Summit Co

Nos 2766 & 2769. Decided May 18, 1936

Smoyer, Kennedy, Smoyer & Vogel, Akron, and Newcomb, Nord & Hornbeck, Cleveland, for appellants.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee Switchmen's Union of North America.

## OPINION

By STEVENS, J.

The above-numbered cases are before this court on appeal upon questions of law and fact, it having been agreed by counsel that the cases should be heard and decided together.

They arose from a dispute between the Brotherhood of Railroad Trainmen and the Switchmen's Union of North America as to which organization should be recognized as the bargaining agency representing the yard employees of said railroad company.

Said organizations not having been able to agree between themselves, the procedure provided in paragraphs 4 and 9 of §2 of the Federal Railway Labor Act was invoked, and mediators were sent to Akron for the purpose of acquiring information as to the necessity for, and if determined to be necessary by the National Mediation Board, created by the Railway Labor Act as amended June 21, 1934, to hold an election, to determine which of said organizations should represent said yard employees in the matter of collective bargaining.

Both organizations acquiesced in such procedure, and in the trial court the authority of said Mediation Board to conduct such election and determine all questions incident thereto was not challenged.

Immediately upon said National Mediation Board determining the necessity for an election, and indicating its intention to hold such election, the question of the eligibility of those entitled to vote thereat was raised, and the board having determined that only yard employees should vote, the question of who were "yard employees" was presented. This latter question arose under the wording of paragraph "fifth" of §1 of said act, which provides:

"Fifth. The term 'employee' as used herein includes every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work defined as that of an employee or subordinate official in the orders of the Interstate Commerce Commission now in effect," etc.

It was insisted by appellant Brotherhood of Railroad Trainmen that no furloughed employee should vote, because he was not an employee within the purview of said

paragraph "fifth." However, the board permitted those persons to vote whose names appeared upon the railroad yard seniority lists, and who had performed "yard" work during the year previous to the date determined for the holding of said election, whether furloughed or not.

Permitting six men, who qualified under the above conditions, to vote, and refusing to permit two individuals to vote whose names did not appear on the yard seniority lists, but did appear on the road lists, but who had spent the major part of their time in yard work, under the rules then in effect, is alleged by appellants to have vitiated and rendered illegal the entire election; and accordingly an injunction was sought below, and is here sought, to restrain the recognition of appellee Switchmen's Union as the accredited representative of said employees for purposes of collective bargaining.

It is further asserted by appellants that the National Railway Labor Act is unconstitutional: first, because, not providing for a judicial review of the board's findings, it is violative of the "due process" clause of the federal constitution, and, second, because it confers upon the National Mediation Board the power to delegate its authority to mere employees, and thereby enables said employees to make rulings and issue orders which the board alone is authorized to make.

In substance, the first contention of appellant, aside from the constitutional questions, is addressed to the proposition that the National Mediation Board abused its discretion in its determination of who was eligible to vote at said election.

After carefully reading the record herein, we are constrained to the conclusion that the National Mediation Board not only did not abuse its discretion, but that it exercised that discretion very wisely in its determination of who should be eligible to vote in said election.

Its conclusion to permit only yard employees to vote in a yard employees' election, whether those employees were furloughed or not, providing they had performed yard work within the year preceding said election, seems to us to have been entirely consonant with propriety, and not violative of the provisions of the Railway Labor Act definitive of who are employees within the meaning of that act.

Under the act, a wide measure of discretion is vested in the board, and we are at a loss to know how a fairer solution of the question presented could have been conceived. Certainly, none has occurred to the members of this court.

We accordingly hold that there was no abuse of discretion upon the part of the National Mediation Board.

On the first of the constitutional questions presented, it will be observed that the National Railway Labor Act is silent as to the manner or tribunal in which a review of the acts of the National Mediation Board may be obtained. It is urged that such failure to provide for review brings the act into conflict with the "due process" clause of the federal constitution.

In that connection, the pronouncement of the United States Supreme Court in Public Clearing House v Coyne, 48 Law Ed. 1092, 194 U. S. 497, syllabus 1, is of interest:

"1. The lack of any provision for a judicial hearing on the question of illegality does not render repugnant to the due process of law clause of the Federal Constitution the provisions of U S. Rev. Stat. §3929 * * *, empowering the Postmaster General to direct the seizure and return to the sender of all letters addressed to persons conducting certain prohibited enterprises, since his action is subject to revision by the courts in case he has exceeded his authority under such legislation."

See also 12 C. J., "Constitutional Law," §1018, p. 1241, in part as follows:

"The guarantees of due process require that all administrative proceedings affecting property rights shall be subject to a review in the courts and to a judicial determination made on notice and a hearing. Statutes prescribing administrative proceedings frequently provide expressly for an appeal to the courts; but since the right to such an appeal is secured by the constitutional guaranties of due process, and every statute is presumed to be valid, the omission of such an express provision from a statute does not render it void."

This ground of challenge to the constitutionality of the act is not, in the opinion of this court, well taken. The very fact that in this case this court is affording opportunity for judicial review of the board's action, establishes that said act does not violate the "due process" clause of the federal constitution.

The second ground of constitutional challenge of the act has to do with the author-

ity of the board to delegate certain of its duties to employees or to single members of the board.

The record herein fails to disclose any delegation of authority to either employees or to single members of the board. The record does disclose that such action as was taken in the instant matter by the mediators of said board was in fact authorized and approved by said board. Hence, the question sought to be raised is not presented by the record in this case; this court is not called upon to determine moot questions.

Decree dismissing appellants' petitions at appellants' costs may be prepared in each case, with exceptions to appellants.

FUNK, PJ, and WASHBURN, J, concur in Judgment.